UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DARRELL C. FRANCIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:08-CV-233 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This social security case is before the Court for consideration of Plaintiff Darrell Francis's Motion for Summary Judgment and Memorandum in Support [Docs. 13; 14; *see also* Doc. 18] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16; 17]. Plaintiff Darrell C. Francis seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On April 21, 2004, the Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act claiming disability as of August 12, 2003. [Tr. 46.] After his application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. [Tr. 25.] On March 21, 2006, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 9-11.] On June 30, 2006, the ALJ found that the Plaintiff was not disabled. [Tr. 17.] The Appeals Council denied Plaintiff's request for

review; thus the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2004.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 C.F.R. 404.1520(b) and 404.1571 *et seq*.

3. The claimant has the following severe impairments: degenerative disc disease in the cervical spine; status-post cervical discectomy fusion from the C5 through C7 levels; degenerative disc disease in the lumbar spine from the L3 through S1 levels; status-post decompressive nucleoplasty from the L4 through S1 levels; degenerative joint disease in the left shoulder; status-post left shoulder arthroscopic decompression; and right knee pain (20 C.F.R. § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally or 10 pounds frequently and sit, stand, or walk for up to 6 hours each out of an 8 hour day. However, the claimant must have the option to alternate between sitting and standing at will. The claimant cannot perform more than occasional climbing, stooping, bending from the waist to the floor, crouching, or crawling. He cannot be exposed to hazards such as

>   dangerous or moving machinery or unprotected heights. He also cannot perform prolonged standing on hard surfaces or walking on uneven terrain.
>
> 6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565).
>
> 7. The claimant was born on July 14, 1958 and was 45 years old on the alleged disability onset date, which is defined as a younger individual 45-49 (20 C.F.R. 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).
>
> 9. The claimant has transferable skills as explained below (20 C.F.R. § 404.1568).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1560(c) and 404.1566).
>
> 11. The claimant has not been under a "disability," as defined in the Social Security Act, from August 12, 2003 through the date of this decision (20 C.F.R. 404.1520).

[Tr. 9-17.]

## II. DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

3

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The Plaintiff bears the burden of proof at the first four steps. *Walters*, 127 F.3d

4

at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the Plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## IV. ANALYSIS

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's disability determination. Plaintiff contends the ALJ erred in his assessment of the Plaintiff's residual functional capacity by: (A) failing to give appropriate weight to the opinion of Marcel Wakham, D.O. ("Dr. Wakham") and (B) finding the Plaintiff's allegations of pain and functional limitations were not fully credible. [Doc. 14.] The Commissioner contends substantial evidence supports the ALJ's findings and residual functional capacity determination. [Doc. 17.]

### A. *Dr. Wakham's Assessment of Plaintiff*

The Plaintiff argues that the ALJ improperly evaluated the opinion of Dr. Wakham. [Doc. 14.] Specifically, the Plaintiff alleges that the ALJ unfairly characterizes Dr. Wakham's opinion as befitting someone in need of full-time home medical care. [Doc. 14.] The Plaintiff reasons that because Dr. Wakham's opinions are based on years of managing the Plaintiff's pain, the ALJ should not have dismissed Dr. Wakham's opinion. *Id.*

The Commissioner responds that the ALJ properly considered all the relevant medical evidence including Dr. Wakham's opinion. Specifically, the Commissioner maintains that the "ALJ was not required to accept Dr. Wakham's extreme functional limitations because they were inconsistent with Plaintiff's objective imaging results, his benign clinical examinations, conservative treatment, and daily activities." [Doc. 17.] The ALJ explained his decision to discount Dr. Wakham's opinion as follows:

6

> The undersigned assigns no weight to the severe functional limitations assigned to the claimant by Dr. Wakham in February 2004. Said assessment is inconsistent with the aforementioned objective scans, the claimant's benign clinical exams and conservative treatment, and his reported daily activities, outlined below. It is indicative of an individual in need of full time home medical care. Moreover, said assessment is inconsistent with the April 2004 functional assessment of Dr. Pinzon, the claimant's treating orthopedic surgeon, who felt that he could perform medium exertion work and lift up to 60 pounds occasionally or 30 pounds frequently. It is also inconsistent with the functional assessment of Dr. Kennedy, another orthopedic surgeon to whom the claimant was referred by his worker's compensation attorney, who opined that he could lift and carry up to 20 pounds occasionally or 10 pounds frequently and that he only needed the option to alternate between sitting and standing to be able to work a full 8-hour day. The residual functional capacity outlined above accommodates the functional assessments of these two treating orthopedic surgeons, including the postural and environmental limitations assigned by Dr. Kennedy, which have been afforded controlling weight.

[Tr. 15.]

Relying on the identified medical evidence and opinions, the ALJ found that the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally or 10 pounds frequently and sit, stand, or walk for up to 6 hours each out of an 8 hour day. [Tr. 14.] Further, the ALJ found that the Plaintiff must have the option to alternate between sitting and standing at will, and the Plaintiff cannot perform more than occasional climbing, stooping, bending from the waist to the floor, crouching or crawling. [Tr. 14.] Also, the ALJ found that the Plaintiff cannot be exposed to dangerous or moving machinery, unprotected heights, prolonged standing on hard surfaces, or walking on uneven terrain. [Tr. 14-15.]

7

Generally, the "medical opinion of the treating physician is to be given substantial deference, and if that opinion is not contradicted, complete deference must be given." *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). A "treating physician" means the claimant's own physician, one who has provided the claimant with medical treatment or evaluation and who has an ongoing treatment relationship with him or her. *See* 20 C.F.R. § 404.1502. Accordingly, the reason for deference to his opinion is clear: the treating physician has had a greater opportunity to examine and observe the patient. *Walker*, 980 F.2d at 1070. Furthermore, as a result of the treating physician's duty to cure the patient, the treating physician is generally more familiar with the patient's condition than are other physicians. *Id.* (citing *Schisler v. Heckler*, 787 F.2d 76, 85 (2d Cir. 1986)). However, the ultimate decision of disability rests with the ALJ, *id.* (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984)), and accordingly, the ALJ is not bound by the opinions of the treating physician as long as the ALJ sets forth a basis for rejecting it. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (citing *Fife v. Heckler*, 767 F.2d 1427, 1437 (9th Cir. 1985) ("If the ALJ wishes to disregard the opinion of the treating physician, he must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record, even where the treating physician's opinion is controverted by the Secretary's consultant")).

If the treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given

8

controlling weight. 20 C.F.R. §§ 404.1527(d)(2) and 416.927. Where an opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2); 416.927. Consistency with other evidence of record is a condition precedent to a treating physician's opinion receiving controlling weight. *See id.* The Court of Appeals for the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (1993).

On February 11, 2004, Dr. Wakham opined that the Plaintiff could sit 2-3 hours out of an 8-hour day for 15-20 minutes at a time, stand or walk 4-5 hours out of an 8-hour day for 1 hour at a time, lift or carry 1-5 pounds frequently, lift or carry 1-10 pounds occasionally, lift or carry 11-20 pounds infrequently, lift or carry 21-25 pounds infrequently, and never lift 50 pounds or greater. [Tr. 443.] Dr. Wakham was of the opinion that the Plaintiff could not reasonably be expected to be reliable in attending an eight hour a day, forty hour work week, and he estimated that the Plaintiff had a reasonable medical need to be absent from work four days a month. [Tr. 445.]

9

Dr. Wakham was a treating physician, as he was the Plaintiff's own physician and had provided medical treatment as part of an ongoing treatment relationship. The ALJ "assign[ed] no weight to the severe functional limitations assigned to the claimant by Dr. Wakham in February 2004." [Tr. 15.] The ALJ laid out in detail how Dr. Wahkam's conclusion that the Plaintiff was disabled was inconsistent with the Plaintiff's benign clinical exams, conservative treatment, and reported daily activities. [Tr. 15.]

An examination of the evidence in record confirms the ALJ's assessment of the inconsistencies between Dr. Wakham's opinion and other evidence in the record. For example, the April 2004 functional assessment of Elmer G. Pinzon, M.D. ("Dr. Pinzon"), the Plaintiff's treating orthopedic surgeon, found the Plaintiff able to perform medium work including lifting 60 pounds occasionally, and 30 pounds frequently. [Tr. 321.] Further, William E. Kennedy, M.D. ("Dr. Kennedy"), an orthopedic surgeon who examined the Plaintiff for a worker's compensation evaluation, opined that the Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently and only needed the option to alternate between sitting and standing to complete an 8-hour day. [Tr. 511.]

As evidence of inconsistency, the ALJ cites Plaintiff's April 2004 evaluation by Dr. Pinzon, Plaintiff's treating orthopedic surgeon. Dr. Pinzon conducted a follow-up clinical evaluation. [Tr. 322.] The Plaintiff also had an unremarkable neurological examination. [Tr. 321.] Based on Plaintiff's Functional Capacity Evaluation (FCE) [Tr. 362] and his own examination, Dr. Pinzon released the Plaintiff at a medium duty status with maximum lifting of 60 pounds and frequent lifting of 30 pounds with alternating sitting and standing duties

10

for an eight-hour workday. Dr. Pinzon opined that Plaintiff had reached his Maximum Medical Improvement and that he warranted a Permanent Partial Impairment of eight percent.

As further evidence of inconsistency, the ALJ cites Plaintiff's July 2005 examination and medical record review by Dr. Kennedy an independent orthopedic examiner. Dr. Kennedy found that the Plaintiff could perform work with restrictions from repeated bending, stooping, or squatting; working over rough terrain or in rough vehicles; excessive ladder climbing or stair climbing; or working with his hands raised above the level of his shoulders. [Tr. 511.] Dr. Kennedy also found that, assuming a level lift, the Plaintiff could lift or carry 10 pounds frequently, and lift or carry 20 pounds occasionally.

The ALJ's conclusion that Dr. Wakham's opinion was not entitled to controlling weight because of inconsistency was supported by substantial evidence of record. The ALJ examined the evidence of record and cited specific inconsistencies with other substantial medical and opinion evidence for discounting Dr. Wakham's opinion as to the Plaintiff's disability. Accordingly, the Court finds that the ALJ's weighing of the medical opinions in the record is supported by substantial evidence.

### B. *The Credibility of Plaintiff's Allegations of Pain and Functional Limitations*

The Plaintiff contends that the ALJ did not justify his credibility determination with accurate or probative facts. [Doc.14.] The Commissioner maintains that the ALJ considered all the requisite factors, and cited to the requirements of 20 C.F.R. § 404.1529 and Social Security Ruling (SSR) 96-7. The Court first notes that the ALJ's credibility determination
11

is entitled to special deference. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 713 (6th Cir. 1988) ("This Court will not disturb the ALJ's credibility determinations on such factual matters.").

After weighing the medical opinions, testimony, and other evidence in the record, the ALJ found that while the Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms . . . the [Plaintiff's] statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." [Tr. 15.]

The applicable regulations instruct claimants that "[b]ecause symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or non-treating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account . . . in reaching a conclusion as to whether you are disabled." 20 C.F.R. § 404.1529(c)(3). In weighing the credibility of statements regarding functional limitations and restrictions, the ALJ is to consider: the claimant's activities; the location, duration, frequency, and intensity of pain and any other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken for pain or other symptoms; treatment other than medication, that the claimant has received for the condition; and any other measures taken to relieve the pain or symptoms. 20 C.F.R. § 404.1529(c)(3)(i)-(vi). Ultimately, credibility determinations rest with the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

In the present case, the ALJ noted that the Plaintiff testified that he helps with housecleaning chores including making beds, vacuuming daily, washing dishes, cooking, and shopping twice a week. [Tr. 15.] The Plaintiff argues that this testimony proves very little concerning his ability to sustain full-time work. [Doc. 14.] However, under 20 C.F.R. § 404.1529(c)(3), the ALJ is instructed to consider such activities, and all these activities support the ALJ's determination that the Plaintiff could complete light work and contravene the Plaintiff's claims that he was unable to do such work. The essence of light work is the ability to lift up to 20 pounds occasionally and frequently lift 10 pounds, to stand or walk a good bit, and to sit with pushing and pulling of arm and leg controls. Daily vacuuming, washing dishes, and shopping all directly support finding the Plaintiff was able to do such tasks contrary to his statements concerning the intensity, duration and limiting effects of his symptoms.

Additionally, the ALJ cites Plaintiff's testimony that he worked for several years without reporting income or paying Social Security taxes as a factor that reduces Plaintiff's overall credibility. Further, the ALJ recognized physician reports indicating Plaintiff's ability to perform light to medium work and alternatively sit or stand for a full 8-hour day. [Tr. 15.] After weighing these factors, the ALJ found that the Plaintiff's testimony as to his limitations was not entirely credible and accordingly discounted statements about abilities and impairments.

Based on the foregoing, the Court finds that the ALJ properly weighed the medical opinions, testimony, and reports in the record and concluded that the Plaintiff's statements

13

concerning the intensity, duration and limiting effects of his symptoms were not entirely credible. The ALJ did not entirely disregard the complaints or medical opinions regarding pain, but rather, concluded that in light of his other activities and abilities, some of his complaints could not be given full weight. The ALJ considered the Plaintiff's subjective reports, but was not required to accept Plaintiff's claims as to their severity and limiting effects. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability"). The Court finds that the ALJ's credibility determination is supported by substantial evidence.

## V. CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work with the certain enumerated restrictions. Substantial evidence supports the ALJ's findings and conclusions. Therefore, the Court will deny Plaintiff's Motion for Judgment on the Pleadings [Doc. 13], grant Defendant Commissioner's Motion for Summary Judgment [Doc. 16], affirm Defendant Commissioner's decision in this case denying Plaintiff's application for disability insurance benefits; and dismiss this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE